Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law, Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY13 LLC,        ) <br><br> Plaintiff,       ) <br><br> v.       ) <br><br> JOHN DOE,       ) <br><br> Defendant.       ) <br>      ) <br>_____) <br> AND RELATED CASES.    ) <br>      ) <br>_____) | **Case No. 2:12-cv-06662-ODW (JCx)** <br>(Lead Case) <br><br> AND RELATED CASES <br><br> **12-CV-6662, 12-CV-6664, 12-CV-6668,** <br>**12-CV-7385, 12-CV-7386, 12-CV-7408,** <br>**12-CV-7410, 12-CV-8322, 12-CV-8323,** <br>**12-CV-8324, 12-CV-8326, 12-CV-8327,** <br>**12-CV-8328, 12-CV-8330, 12-CV-8331,** <br>**12-CV-8332, 12-CV-8333, 12-CV-8336** <br><br> **PLAINTIFF'S DISCOVERY STATUS REPORT AND RESPONSE TO ORDER TO SHOW CAUSE** |

Plaintiff Ingenuity13 LLC, by and through its undersigned counsel, hereby submits its response to the Court's Order to Show Cause of December 20, 2012 in Ingenuity13 LLC v. John Doe, 2:12-cv-06662-ODW (JCx) (hereinafter "December 20 Order"). In this response, Plaintiff seeks to: (1) present a comprehensive report on the discovery status of the individual cases related to the December 20 Order; and (2) demonstrate why early discovery is warranted in Ingenuity13 LLC v. 2:12-cv-06662 and all its related cases.

///

# I.   DISCOVERY STATUS REPORT

(1) INGENUITY13 LLC V. JOHN DOE, 2:12-cv-06662-ODW-JC

(a) Plaintiff filed its Complaint on August 2nd, 2012. (ECF No. 1.) On August 24, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 6.) On August 27, 2012, Honorable Paul L. Abrahams granted Plaintiff's *Ex Parte* Application in an Order. (ECF No. 7.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet Service Provider (ISP) Verizon Internet Services on August 28, 2012. The Order was vacated by the Honorable Otis D. Wright, II on December 20, 2012 (ECF No. 11.)

(b) Plaintiff received the requested information about the subscriber related to the IP address 96.248.225.171 from Verizon. The name of the subscriber is David Wagar.

(c) After receiving the subscriber's information, Plaintiff engaged in informal discovery to determine the infringer's identity. Specifically, Plaintiff reached out to the subscriber to gather more information regarding the subscriber's possible connection to Plaintiff's copyright infringement claims. The subscriber declined to offer defenses or identity of another likely infringer. From there, Plaintiff conducted a thorough investigation to determine what individuals had access to the subscriber's Internet account at the time of the infringement. On the basis of these investigations, Plaintiff believed it had a good faith basis to name and serve the individual it has identified as the infringer

2

in this matter, and has submitted an Amended Complaint naming that individual.

(2) INGENUITY13 LLC V. JOHN DOE,  2:12-cv-06664-ODW-JC

(a) Plaintiff filed its Complaint on August 2nd, 2012. (ECF No. 1.) On October 13, 2012, Honorable Judge Gary A. Fees granted Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery in an Order. (ECF No. 7.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet Service Provider (ISP), Charter Communications, on October 15, 2012. The October 13 Order was vacated by Honorable Judge Otis D. Wright, II on December 20, 2012. (ECF No. 10.)

(b) Plaintiff received the requested information about the subscriber related to the IP address 75.142.115.172 from Charter Communications. The name of the subscriber is Kenneth MacDonald.

(c) After receiving the subscriber's information, Plaintiff engaged in informal discovery to determine the infringer's identity. Specifically, Plaintiff reached out to the subscriber to gather more information regarding the subscriber's possible connection to Plaintiff's copyright infringement claims. The subscriber declined to offer defenses or identity of another likely infringer. From there, Plaintiff conducted a thorough investigation to determine what individuals had access to the subscriber's Internet account at the time of the infringement. On the basis of these investigations, Plaintiff believed it had a good faith basis to name and serve the individual it has identified as the infringer

3

in the matter, and has submitted an Amended Complaint naming that individual.

(3) INGENUITY13 LLC v. JOHN DOE, 2:12-cv-06668-ODW-JC

   (a) Plaintiff filed its Complaint on August 2, 2012. (ECF No. 1.) On August 24, 2012, Plaintiff filed its *Ex Parte* Application for leave to Take Expedited Discovery. (ECF No. 6.) On August 27, 2012, Honorable Stephen J. Hillman granted Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery in an Order.(ECF No. 7.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet Service Provider (ISP), Charter Communications, on August 28, 2012. The August 27 Order was vacated by Honorable Judge Otis D. Wright, II on December 20, 2012. (ECF No. 11.)

   (b) Plaintiff received the requested information about the subscriber related to the IP address 75.128.55.44 from Charter Communications. The name of the subscriber is Marvin Denton.

   (c) After receiving the subscriber's information, Plaintiff engaged in informal discovery to determine the infringer's identity. Specifically, Plaintiff reached ot to the subscriber to gather more information regarding the subscriber's possible connection to Plaintiff's copyright infringement claims. The subscriber declined to offer defenses or identity of another likely infringer. From there, Plaintiff conducted a thorough investigation to determine what individuals had access to the

4

subscriber's Internet account at the time of the infringement. Plaintiff's investigations of this matter are currently ongoing.

(4) INGENUITY13 LLC v. JOHN DOE, 2:12-cv-07385-ODW-JC

   (a) Plaintiff filed its Complaint on August 28, 2012. (ECF No. 1.) On September 11, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 10.) On September 18, 2012, Honorable Frederick F. Mumm granted Plaintiff's *Ex Parte* Application in an Order. (ECF No. 11.) Pursuant to this Order, Plaintiff issued a subpoena upon the Defendant's Internet Service Provider (ISP) SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T") on September 20, 2012 and served the subpoena on September 21, 2012. The September 18 Order was vacated by the Honorable Otis D. Wright, II on December 20, 2012. (ECF No. 19.)

   (b) Plaintiff did not receive any information regarding this subscriber from Road Runner.

   (c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(5) INGENUITY13 LLC v. JOHN DOE, 2:12-cv-07386-ODW-JC

   (a) Plaintiff filed the Complaint on August 28, 2012. (ECF No. 1.) On September 11, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 6.) On September 18, 2012, Honorable John E. McDermott granted Plaintiff's *Ex Parte* Application in an Order. (ECF No. 8.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet Service

5

Provider (ISP) Verizon Online, LLC ("Verizon") on September 19, 2012.

(b) Plaintiff received the requested information about the subscriber related to the IP address 108.38.135.253 from Verizon. The name of the subscriber is Igor Khavin.

(c) After receiving the subscriber's information, Plaintiff engaged in informal discovery to determine the infringer's identity. Specifically, Plaintiff reached out to the subscriber to gather more information regarding the subscriber's possible connection to Plaintiff's copyright infringement claims. The subscriber declined to offer defenses or identity another likely infringer. From there, Plaintiff conducted a thorough investigation to determine what individuals had access to the subscriber's Internet account at the time of the infringement. Plaintiff believes it has a good faith basis to name and serve the individual it has identified as the infringer in this matter.  Plaintiff intends to name that individual in this lawsuit unless its claims are resolved without further court involvement.

(d) The September 19 Order granting discovery was vacated by the Honorable Otis D. Wright, II on December 20, 2012. (ECF No. 17.)

(6) INGENUITY13 LLC v. JOHN DOE, 2:12-cv-07408-ODW-JC

(a) Plaintiff filed the Complaint on August 29, 2012. (ECF No. 1.) On November 1, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 9.) On November 7, 2012, Honorable Gary A. Feess granted Plaintiff's *Ex Parte* Application in

6

an Order. (ECF No. 10.) Pursuant to this Order, Plaintiff issued a subpoena for the Defendant's Internet Service Provider ("ISP") Road Runner Holdco, LLC ("Road Runner") on November 13, 2012 and served the subpoena on November 13, 2012. The November 7 Order was vacated by the Honorable Otis D. Wright, II on December 20, 2012. (ECF No. 12.)

(b) Plaintiff did not receive any information regarding this subscriber from Road Runner.

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(7) INGENUITY13 LLC v. JOHN DOE, 2:12-cv-07410-ODW-JC

(a) Plaintiff filed the Complaint on August 29, 2012. (ECF No. 1.) On September 11, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 5.) On September 25, 2012, Honorable John E. McDermott granted Plaintiff's *Ex Parte* Application. (ECF No. 8.) Pursuant to this Order, Plaintiff issued a subpoena upon the Defendant's Internet Service Provider ("ISP") Road Runner Holdco LLC ("Road Runner") on September 26, 2012 and served the subpoena on the same day in order to obtain information regarding the subscriber associated with the IP address 66.75.82.94. The July 11 Order was vacated by the Honorable Otis D. Wright, II on December 20, 2012. (ECF No. 11.)

(b) Plaintiff did not receive any information regarding this subscriber from Road Runner.

7

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(8) INGENUITY13 LLC v. JOHN DOE, 2:12-cv-08322-ODW-JC

(a) Plaintiff filed the Complaint on September 27, 2012. (ECF No. 1.) On October 8, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 11.) On October 9, 2012, the Honorable Patrick J. Walsh granted Plaintiff's *Ex Parte* Application in an Order ("October 9 Order"). (ECF No. 12.) Pursuant to this Order, Plaintiff issued a subpoena for the Defendant's Internet Service Provider (ISP) Charter Communications, LLC ("Charter") on October 10, 2012 and served it upon Charter in order to obtain information regarding the subscriber associated with the IP address 71.83.94.169. The October 9 Order was vacated by the Honorable Otis D. Wright, II on December 20, 2012. (ECF No. 22.)

(b) Plaintiff did not receive any information regarding this subscriber from Charter.

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(9) INGENUITY13 LLC v. JOHN DOE, 2:12-cv-08323-ODW-JC

(a) Plaintiff filed the Complaint on September 27, 2012. (ECF No. 1.) On October 8, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 9.) The case was reassigned to the Honorable Dolly M. Gee on October 23, 2012. (ECF No. 14.) On November 1, 2012, Plaintiff filed its Renewed *Ex Parte* Application

8

for Leave to Take Expedited Discovery. (ECF No. 15.) On November 6, 2012, the Honorable Patrick J. Walsh granted Plaintiff's Renewed *Ex Parte* Application in an Order ("November 6 Order"). (ECF No. 16.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet Service Provider ("ISP") Road Runner Holdco, LLC ("Road Runner") on November 13, 2012 in order to obtain information regarding the subscriber associated with the IP address 76.170.32.81.

(b) This case was reassigned to Judge Otis D. Wright II on December 20, 2012. The November 6 Order was vacated by the Honorable Otis D. Wright, II on December 20, 2012. (ECF No. 20.)

(c) Plaintiff did not receive any information regarding this subscriber from Road Runner. As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(10)      INGENUITY13 LLC v. JOHN DOE, 2:12-cv-08324-ODW-JC

(a) Plaintiff filed the Complaint on September 27, 2012. (ECF No. 1.) On October 8, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 8.) On October 8, 2012, Plaintiff filed its Renewed *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 8.) On October 18, 2012, the Honorable Patrick J. Walsh granted Plaintiff's Renewed *Ex Parte* Application in an Order ("October 18 Order"). (ECF No. 11.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet Service Provider ("ISP") Comcast Cable

9

Holdings, LLC ("Comcast") on October 22, 2012 in order to obtain information regarding the subscriber associated with the IP address 67.180.37.35.

(b) Comcast informed Plaintiff that the name of the subscriber is Andrew Hefner.

(c) After receiving the subscriber's information, Plaintiff engaged in informal discovery to determine the infringer's identity. Specifically, Plaintiff reached out to the subscriber to gather more information regarding the subscriber's possible connection to Plaintiff's copyright infringement claims. The subscriber declined to offer defenses or identity another likely infringer. From there, Plaintiff conducted a thorough investigation to determine what individuals had access to the subscriber's Internet account at the time of the infringement. Plaintiff believes it has a good faith basis to name and serve the individual it has identified as the infringer in this matter. Plaintiff intends to name that individual in this lawsuit unless its claims are resolved without further court involvement.

(d) This case was reassigned to Judge Otis D. Wright II on December 19, 2012. The October 18 Order was vacated by the Honorable Otis D. Wright, II on December 20, 2012. (ECF No. 17.)

(11)    INGENUITY13 LLC v. JOHN DOE, 2:12-cv-08326-ODW-JC

(a) Plaintiff filed the Complaint on September 27, 2012. (ECF No. 1.) On October 8, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 9.) On October 9, 2012, the

10

Honorable Patrick J. Walsh granted Plaintiff's *Ex Parte* Application in an Order ("October 9 Order"). (ECF No. 10.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet Service Provider ("ISP") Road Runner Holdco LLC ("Road Runner") on October 11, 2012 in order to obtain information regarding the subscriber associated with the IP address 76.175.182.136. Plaintiff did not receive any information regarding this subscriber from Road Runner.

(b) This case was reassigned to Judge Otis D. Wright II on December 20, 2012. The October 9 Order was vacated by the Honorable Otis D. Wright, II on December 20, 2012. (ECF No. 17.)

(c) Plaintiff did not receive any information regarding this subscriber from Road Runner.

(d) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(12)    INGENUITY13 LLC v. JOHN DOE, 2:12-cv-08327-ODW-JC

(a) Plaintiff filed the Complaint on September 27, 2012. (ECF No. 1.) On October 8, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 9.) On October 16, 2012, the Honorable Gary Feess granted Plaintiff's *Ex Parte* Application in an Order ("October 16 Order"). (ECF No. 11.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet Service Provider ("ISP") Verizon Online, LLC ("Verizon") on October 19, 2012 in order to obtain information regarding the

11

subscriber associated with the IP address 71.104.194.84. The name of the subscriber is Chas F. Burrow.

(b) After receiving the subscriber's information, Plaintiff engaged in informal discovery to determine the infringer's identity. Specifically, Plaintiff reached out to the subscriber to gather more information regarding the subscriber's possible connection to Plaintiff's copyright infringement claims. The subscriber declined to offer defenses or identity another likely infringer. From there, Plaintiff conducted a thorough investigation to determine what individuals had access to the subscriber's Internet account at the time of the infringement. Plaintiff believes it has a good faith basis to name and serve the individual it has identified as the infringer in this matter.  Plaintiff intends to name that individual in this lawsuit unless its claims are resolved without further court involvement.

(c) This case was reassigned to Judge Otis D. Wright II on December 19, 2012. The October 16 Order was vacated by the Honorable Otis D. Wright, II on December 20, 2012. (ECF No. 13.)

(13)      INGENUITY13 LLC v. JOHN DOE, 2:12-cv-08328-ODW-JC

(a) Plaintiff filed the Complaint on September 27, 2012. (ECF No. 1.) On October 8, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 8.) On October 18, 2012, the Honorable Patrick J. Walsh granted Plaintiff's *Ex Parte* Application in an Order ("October 18 Order"). (ECF No. 10.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet

12

Service Provider ("ISP") Road Runner Holdco LLC ("Road Runner") on October 19, 2012 in order to obtain information regarding the subscriber associated with the IP address 76.175.251.189. Plaintiff did not receive any information regarding this subscriber from Road Runner.

(b) This case was reassigned to Judge Otis D. Wright II on December 20, 2012. The October 9 Order was vacated by the Honorable Otis D. Wright, II on December 20, 2012. (ECF No. 16.)

(c) Plaintiff did not receive any information regarding this subscriber from Road Runner.

(d) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(14)     INGENUITY13 LLC v. JOHN DOE, 2:12-cv-08330-ODW-JC

(a) Plaintiff filed the Complaint on September 27, 2012. (ECF No. 1.) On October 8, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 8.) On October 12, 2012, the Honorable John E. McDermott granted Plaintiff's *Ex Parte* Application in an Order ("October 12 Order"). (ECF No. 9.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet Service Provider ("ISP") Road Runner Holdco, LLC ("Road Runner") on October 15, 2012 in order to obtain information regarding the subscriber associated with the IP address 76.170.133.8. The case was reassigned to the Honorable Dolly M. Gee on October 23, 2012. (ECF No. 12.) This case was reassigned to

13

Judge Otis D. Wright II on December 20, 2012. The October 12 Order was vacated by the Honorable Otis D. Wright, II on December 20, 2012. (ECF No. 16.)

(b) Plaintiff did not receive any information regarding this subscriber from Road Runner.

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(15)    INGENUITY13 LLC v. JOHN DOE, 2:12-cv-08331-ODW-JC

(a) Plaintiff filed the Complaint on September 27, 2012. (ECF No. 1.) On October 8, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 8.) On October 9, 2012, the Honorable Patrick J. Walsh granted Plaintiff's *Ex Parte* Application in an Order ("October 9 Order"). (ECF No. 9.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet Service Provider ("ISP") Verizon Online, LLC ("Verizon") on October 11, 2012 in order to obtain information regarding the subscriber associated with the IP address 71.189.120.34. The case was reassigned to the Honorable Dolly M. Gee on October 18, 2012. (ECF No. 12.) This case was reassigned to Judge Otis D. Wright II on December 20, 2012. The October 12 Order was vacated by the Honorable Otis D. Wright, II on December 20, 2012. (ECF No. 16.)

(b) Plaintiff did not receive any information regarding this subscriber from Road Runner.

(c) As Plaintiff has no information regarding this subscriber, Plaintiff has not contacted the subscriber in any manner.

(16)      INGENUITY13 LLC v. JOHN DOE, 2:12-cv-08332-ODW-JC

(a) Plaintiff filed the Complaint on September 27, 2012. (ECF No. 1.) On October 8, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 8.) On October 16, 2012, the Honorable Patrick J. Walsh granted Plaintiff's *Ex Parte* Application in an Order ("October 9 Order"). (ECF No. 9.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet Service Provider ("ISP") Charter Communications, LLC ("Charter") on October 10, 2012 in order to obtain information regarding the subscriber associated with the IP address 96.40.162.169. The name of the subscriber is Fred Lowe.

(b) After receiving the subscriber's information, Plaintiff engaged in informal discovery to determine the infringer's identity. Specifically, Plaintiff reached out to the subscriber to gather more information regarding the subscriber's possible connection to Plaintiff's copyright infringement claims. The subscriber declined to offer defenses or identity another likely infringer. From there, Plaintiff conducted a thorough investigation to determine what individuals had access to the subscriber's Internet account at the time of the infringement. Plaintiff believes it has a good faith basis to name and serve the individual it has identified as the infringer in this matter.  Plaintiff intends to name

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND DISCOVERY STATUS REPORT   No. 2:12-cv-06662-ODW-JC

that individual in this lawsuit unless its claims are resolved without further court involvement.

(c) The case was reassigned to the Honorable Dolly M. Gee on October 23, 2012, (ECF No. 12), along with an order to comply with Fed. R. Civ. P. 4(m). (ECF No. 13.)

(d) This case was reassigned to Judge Otis D. Wright II on December 20, 2012. The October 9 Order was vacated by the Honorable Otis D. Wright, II on December 20, 2012. (ECF No. 16.)

(17)   INGENUITY13 LLC v. JOHN DOE, 2:12-cv-08333-ODW-JC

(a) Plaintiff filed the Complaint on September 27, 2012. (ECF No. 1.) On October 8, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 8.) On October 9, 2012, the Honorable Patrick J. Walsh granted Plaintiff's *Ex Parte* Application in an Order ("October 9 Order"). (ECF No. 9.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet Service Provider ("ISP") Verizon Online, LLC ("Verizon") on October 11, 2012 in order to obtain information regarding the subscriber associated with the IP address 108.13.119.253. The case was reassigned to the Honorable Dolly M. Gee on October 24, 2012. (ECF No. 12.)

(b) John Doe moved for an *Ex Parte* Application for Leave to Take Early Discovery and for a Further Stay of the Subpoena Return Date. (ECF 23.) This case was reassigned to Judge Otis D. Wright II on December

20, 2012. (ECF No. 26.) Plaintiff responded to John Doe's *Ex Parte* Application on December 20, 2012. (ECF No. 27.)

(c) The October 9 Order was vacated by the Honorable Otis D. Wright, II on December 20, 2012. (ECF No. 28.)

(d) Plaintiff did not receive any information regarding this subscriber from Verizon.

(18)     INGENUITY13 LLC v. JOHN DOE, 2:12-cv-08336-ODW-JC

(a) Plaintiff filed the Complaint on September 27, 2012. (ECF No. 1.) On October 8, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 9.) On October 9, 2012, the Honorable Michael R. Wilner granted Plaintiff's *Ex Parte* Application in an Order ("October 9 Order"). (ECF No. 10.) Pursuant to this Order, Plaintiff issued and served a subpoena upon the Defendant's Internet Service Provider ("ISP") Verizon Online, LLC ("Verizon") on October 11, 2012 in order to obtain information regarding the subscriber associated with the IP address 71.104.70.247. The name of the subscriber is Louis Terry.

(b) After receiving the subscriber's information, Plaintiff engaged in informal discovery to determine the infringer's identity. Specifically, Plaintiff reached out to the subscriber to gather more information regarding the subscriber's possible connection to Plaintiff's copyright infringement claims. The subscriber declined to offer defenses or identity another likely infringer. From there, Plaintiff conducted a thorough investigation to determine what individuals had access to the

17

subscriber's Internet account at the time of the infringement. Plaintiff believes it has a good faith basis to name and serve the individual it has identified as the infringer in this matter.  Plaintiff intends to name that individual in this lawsuit unless its claims are resolved without further court involvement.

(c) The case was reassigned to the Honorable Dolly M. Gee on October 17, 2012, (ECF No. 12). The Honorable Dolly M. Gee issued an order to comply with Fed. R. Civ. P. 4(m) on December 12, 2012. (ECF No. 15.)

(d) This case was reassigned to Judge Otis D. Wright II on December 20, 2012. The October 9 Order was vacated by the Honorable Otis D. Wright, II on December 20, 2012. (ECF No. 18.)

///
///
///
///
///
///
///
///
///
///
///
///

18

## II.   PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE

### INTRODUCTION

With all due respect to the Court, Plaintiff believes that the Honorable Judge Otis D. Wright has demonstrated a marked, unflinching bias against not only Plaintiff in the instant action, but also toward similarly situated parties that have come before this Court to seek redress for online infringement of their copyrights. At least three separate plaintiffs have come before Honorable Judge Wright to seek such redress, and each has been subject to Honorable Judge Wright's unfair viewpoints.

In *Malibu Media v. Does 1-10*[1], Plaintiff Malibu Media was seeking discovery with respect to IP addresses that were found to be infringing upon its copyrighted work. Honorable Judge Wright severed Does 2-10 and, with severe reluctance, granted discovery with respect to Doe 1. Indeed, Honorable Judge Wright asserted that "the federal courts are not cogs in plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial." *Id.* at 6. As previously mentioned, Honorable Judge Wright did grant discovery with respect to Doe 1, but did not do so happily, asserting that "By requiring Malibu to file separate lawsuits for each of the Doe Defendants, Malibu will have to expend additional resources to obtain a nuisance-value settlement—making this type of litigation less profitable. If Malibu desires to vindicate its copyright rights, it must do so the old fashioned way and earn it." *Id.* Honorable Judge Wright further asserted that "though Malibu has the keys to discovery, the Court warns Malibu that any abuses will be severely punished." *Id.* Thus, Honorable Judge Wright's apparent perspective on valid, legally pursued enforcement of copyright appears to contain the *ex ante* presumption that extortion and abuse will follow. Plaintiff must openly wonder whether a judge who has this

---

[1] *Malibu Media v. Does 1-10*, No. 12-cv-3623 (C.D. Cal. 2012) at ECF No. 7

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND DISCOVERY STATUS REPORT   No. 2:12-cv-06662-ODW-JC

perspective on cases such as the instant action, from the very outset, can *ever* be satisfied that there is sufficient cause to litigate the action.

Honorable Judge Wright's satisfaction with "requiring Malibu to file separate lawsuits for each of the Doe Defendants" apparently did not alleviate his preconceived hatred of this sort of case for long. On October 4, 2012, and in the days to follow, all of the cases filed by AF Holdings LLC against individual Doe Defendants in the Central District of California, alleging copyright infringement, were all transferred to Honorable Judge Wright. A scant 15 days later (shorter in some instances), and with absolutely no indication of prior misconduct on the part of AF Holdings in *any* of the transferred actions or otherwise, Honorable Judge Wright summarily vacated each and every order allowing issuance of a Rule 45 subpoena in the respective cases, and, further, demanded that AF Holdings show cause as to why early discovery is warranted in light of the fact that "This Court has a duty to protect the innocent citizens of this District from this sort of legal shakedown, even though a copyright holder's rights may be infringed by a few deviants." As he did in *Malibu Media*, Honorable Judge Wright made clear his extreme dislike for this type of case. However, unlike *Malibu Media*, Honorable Judge Wright was not content with the fact that AF Holdings had followed the letter and spirit of *his own holding* encouraging these plaintiffs to simply file separate actions to help support the Central District's income stream with separate filing fees for each and every case. Instead, he chose to vacate well-thought out decisions and deny AF Holdings *any* necessary discovery in its cases and, in essence wholly preventing AF Holdings from protecting its copyrights in the face of these clear abuses. Honorable Judge Wright offered no justification for his vacating the discovery orders of other Central District judges, each of whom had engaged in his or her own individual analysis of and subsequent, (mostly) favorable ruling upon the arguments proffered by AF Holdings in favor of early discovery. Having reviewed the docket in each and every AF Holdings case that

was assigned to him, as he was undoubtedly obligated by his ethical duty to be fully informed regarding the cases that are before him, Honorable Judge Wright nevertheless failed to cite *even one* instance of misconduct in his Order Vacating Discovery and to Show Cause that was specific to AF Holdings. Rather, Honorable Judge Wright's Order to AF Holdings merely restated the same, generalized hatred for this sort of case that he had demonstrated in *Malibu Media*. Honorable Judge Wright's Order to AF Holdings, in addition to demonstrating the aforementioned contempt for this sort of case, additionally demonstrated an alarming unfamiliarity with the world of copyright infringement, generally, as his assertion that "a copyright holder's rights may be infringed by [only] a few deviants" is a gross mischaracterization of the phenomenon. As the Court in *MGM v. Grokster* noted, "digital distribution of copyrighted material threatens copyright holders as never before"[2]—an assertion which *preceded* the present ubiquity of high-speed Internet (and of Internet access generally) and highly efficient file-sharing protocols such as BitTorrent; earlier file-sharing protocols, such as Napster, were much slower and much less reliable.

The subsequent progression of the AF Holdings cases clearly indicates that Honorable Judge Wright had allowed his preconceived notions to infect his consideration of the cases. AF Holdings submitted its Response to the Order on November 1, 2012. The docket reveals that Honorable Judge Wright has yet to issue a ruling regarding whether or not sufficient cause has been shown. Nevertheless, Honorable Judge Wright issued a subsequent Order to Show Cause as to why no Defendant has been served under rule 4(m) in each and every AF Holdings case that was about to reach 120 days from the day of filing. The Supreme Court, however, has unambiguously held that "the 120-day provision operates not as an outer limit subject to reduction, but as an irreducible allowance."[3] The Supreme Court also noted that "courts have been accorded discretion to enlarge the 120-day period even if there is no

---

[2] *MGM v. Grokster*, 545 US 913 (2005).
[3] *Henderson v. United States,* 517 US 654, 661 (1996).

good cause shown."[4] Honorable Judge Wright's own vacating of the prior discovery grants—which left several of the subpoenas in the respective cases unanswered, and left AF Holdings with absolutely no way to proceed with its case—apparently did not serve as sufficient good cause, an especially alarming outcome when considering the fact that Honorable Judge Wright gave AF Holdings **7 days** to respond to the Order. Honorable Judge Wright purported to ask AF Holdings to Show Cause, but the language of his Order, the actions he subsequently took, as well as the overall pattern he has evinced in cases involving online infringement of pornography copyrights all make it unambiguously clear that there is no amount of cause that Plaintiff in the instant action—or any other similarly situated Plaintiff—could show to demonstrate to Honorable Judge Wright the legitimacy of its cases.

Plaintiff now turns to the instant action. On December 20, 2012, Honorable Judge Wright issued an Order to Show Cause to Plaintiff (ECF No. 11) that is **virtually identical** to that which was issued to AF Holdings, and substantially similar to the vitriol contained in the *Malibu Media* Order. One of the few differences is that the instant Order asks Plaintiff to explain "how it can guarantee to the Court that any such subscriber information would not be used to simply coerce a settlement from the subscriber (the easy route), as opposed to finding out who the true infringer is (the hard route)." Though the instant Order purportedly asks Plaintiff to Show Cause why early discovery is warranted in this situation, it is clear from the language of the Order, and from Honorable Judge Wright's aforementioned, prior Orders in similar cases, that Honorable Judge Wright has already decided that Plaintiff's attempts to enforce its copyrights in the face of widespread infringement must constitute a legal-shakedown extortion scheme that uses the federal judiciary for its fishing expeditions. *Id.* With all due respect, Honorable Judge Wright is gravely mistaken in his characterization of Plaintiff. Plaintiff has protected its rights by the only means

---

[4] *Id.* (Internal citations omitted).

legally available to it.  Plaintiff sets forth below its arguments demonstrating that Honorable Judge Wright's assertions are mistaken, but Plaintiff harbors no misconceptions that such assertions will sway Honorable Judge Wright's deeply held prejudice against Plaintiff and other similarly situated entities. Rather, this Response to the Court's Order to Show Cause is intended to establish the foundation for Plaintiff's forthcoming Motion for Disqualification of Honorable Judge Wright from each and every one of Plaintiff's cases which have been assigned to him, and, in the alternative, for potential appeal to the Ninth Circuit of Honorable Judge Wright's forthcoming decisions in Plaintiff's cases.

## ARGUMENT

## A. AN EXAMINATION OF THE MANNER IN WHICH PLAINTIFF HAS CONDUCTED ITSELF IN THE INSTANT CASES DIRECTLY AND COMPLETELY CONTRADICTS HONORABLE JUDGE WRIGHT'S CHARACTERIZATION OF PLAINTIFF

The Honorable Court, in its Order to Show Cause, asserts that it would like Plaintiff to "guarantee to the Court that any…subscriber information would not be used to simply coerce a settlement from the subscriber (the easy route), as opposed to finding out who the true infringer is (the hard route)." (ECF No. 11 at 3.) Plaintiff's track record, described in the above status report, speaks for itself, but nevertheless, Plaintiff highlights the key facts in this section. There are 18 cases currently pending that were filed by Plaintiff. As described above, Plaintiff begins its inquiry by attempting to reach out to the respective subscribers once it has obtained the subscribers' information. Indeed, one could imagine that, if Plaintiff's goal were to take the "easy route", it would be much easier to simply amend every Complaint to name the respective subscribers; such a course of action would be costless, as Plaintiff already bore the cost of filing the action against an unknown Defendant in each case. However, the dockets for each of Plaintiff's cases unambiguously demonstrate that *no*

***Amended Complaints have yet been filed***. That does not mean that Plaintiff does not intend to file any Amended Complaints, or that it will not have cause to do so in any of them[5]; rather, Plaintiff is, and always has been, diligent in attempting to reach out to each subscriber and discuss the situation. In cases where the subscriber responds, the nature of such discussions informs Plaintiff's subsequent actions. When the subscriber remains silent, however, Plaintiff faces the dilemma of choosing between: (1) suing the subscriber; (2) suing the most likely infringer in the subscriber's household; (3) doing nothing. It is Plaintiff's understanding of the Copyright Act that Plaintiff can avoid simply doing nothing, and as the Court can imagine, if Plaintiff were to simply do nothing in cases where the subscriber is silent, then no one would ***ever*** face liability for copyright infringement—all subscribers would simply remain silent. In cases where the subscriber remains silent, Plaintiff conducts investigations to determine the likelihood that the subscriber, or someone in his or her household, was the actual infringer. Plaintiff then analyzes these facts to determine the most logical course of action. For example, if the subscriber is 75 years old, or the subscriber is female, it is statistically quite unlikely that the subscriber was the infringer. In such cases, Plaintiff performs an investigation into the subscriber's household to determine if there is a likely infringer of Plaintiff's copyright. If, for example, the 75 year old subscriber just lives with his 71 year old wife, or the female subscriber lives alone, then Plaintiff will simply dismiss its case. If, on the other hand, Plaintiff ascertains that a likely infringer of Plaintiff's copyright ***does*** live in the household, then Plaintiff will amend its complaint and name such likely infringer. This method is not perfect because no perfect method exists. Plaintiff bases its choices regarding whom to name as the infringer on factual analysis. Other than this method—which the Court will note requires considerable expenditure of money and effort—Plaintiff would be left with pursuing claims only against those who freely admit to infringing upon Plaintiff's

---

[5] Indeed, Plaintiff has recently submitted amended complaints for two of its cases on the basis of the process described herein

copyright. It is a basic fact of the legal system, and of society generally, that many individuals will lie to avoid liability for their actions. Plaintiff employs the aforementioned process with the aim of balancing its right to protect its copyrights with the need to protect the innocent citizens of this district, as well as of other districts. If Plaintiff were interested in taking the "easy route", Plaintiff could simply resort to blindly naming the subscriber as the infringer in each and every action—a course of action for which, once again, Plaintiff would bear ***no cost***. Clearly, Plaintiff does not do so, and, furthermore, the fact that these cases are still active indicates that they have not been settled. Thus, the very existence and posture of the cases in which the Honorable Court suspects misconduct demonstrate that no such misconduct has taken place.

## CONCLUSION

Plaintiff takes reasonable steps to ensure that innocent citizens are not ensnared in litigation. Given the Honorable Court's predisposition to contempt for this sort of action, however, Plaintiff doubts whether ***any*** procedure that it employed would be sufficient for this Court to conclude that Plaintiff is not engaged in a "legal shakedown." The dockets of each of these cases clearly demonstrate that this is simply not the case, and though Plaintiff hopes that the above explanation will receive fair consideration from the Court, Plaintiff now prepares to take the more realistic route of moving for Honorable Judge Wright's disqualification in each and every one of Plaintiff's cases. Plaintiff is open to receiving criticism and to remedying concerns, but Plaintiff shall not stand idly by while its rights and reputation are generically and baselessly disposed of by the Court. Ingenuity13 is not AF Holdings, Ingenuity13 is not Malibu Media, and yet the Court has seen fit to levy nearly identical accusations against all three, without putting forth even ***one example*** of actual misconduct on the part of the respective plaintiffs in ***any*** of these situations. This is not justice, and

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND DISCOVERY STATUS REPORT   No. 2:12-cv-06662-ODW-JC

Plaintiff shall not rest until it has exhausted each and every administrative avenue available to it in pursuit of the justice it deserves.

                                    Respectfully submitted,

                                    PRENDA LAW, INC.

**DATED: December 27, 2012**

                           By:     /s/  Brett L. Gibbs, Esq.
                                   Brett L. Gibbs, Esq. (SBN 251000)
                                   Of Counsel to Prenda Law, Inc.
                                   38 Miller Avenue, #263
                                   Mill Valley, CA 94941
                                   blgibbs@wefightpiracy.com

                                   *Attorney for Plaintiff*